IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDIE VITTORIO STEELE, <br> #54869-177, <br> MOVANT, | § <br> § <br> § <br> § | |
| v. | § <br> § | CASE NO. 3:21-CV-2127-M-BK <br> (CRIMINAL NO. 3:16-CR-446-M-4) |
| UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § <br> § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Audie Vittorio Steele's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

I. BACKGROUND

In 2016, Steele pled guilty to conspiring to distribute a controlled substance and, in 2017, was sentenced to 144 months' imprisonment. *United States v. Steele*, No. 3:16-CR-446-M-4, Crim. Doc. 191 (N.D. Tex. Aug. 30, 2017), *appeal dismissed*, No. 17-10867, Crim. Doc. 355 (5th Cir. Mar. 26, 2018) (enforcing appeal waiver). In 2020, the Court granted Steele's motion to vacate sentence under 28 U.S.C. § 2255 on a single ground alleged. *Steele v. United States*, No. 3:18-CV-1171-M-BK, 2020 WL 4195957, at *1 (N.D. Tex. June 26, 2020), *R. & R. accepted*, 2020 WL 4192743, at *1 (N.D. Tex. July 20, 2020). The Court did not reach his remaining grounds as they were effectively moot. *Id.*, 2020 WL 4195957, at *1 n.1.

On October 26, 2020, Steele was re-sentenced to 110 months' imprisonment. Crim. Doc. 556 at 2. Steele did not file a direct appeal but timely filed the amended § 2255 motion *sub judice* with a copy of the brief and reply he filed with his first § 2255 motion. Doc. 4 at 4-5; Doc. 5 at 1-22; Doc. 5 at 23-33.

Liberally construed, Steele's pleadings appear to reassert all the claims previously raised in his first § 2255 motion that went unaddressed—namely claims of ineffective assistance of counsel at sentencing and on appeal relating to breach of the plea agreement and the factual resume, promise of a 60-month sentence, constructive amendment of the Indictment, mitigating role reduction, and dangerous weapon enhancement. The Government has filed a response opposing relief. Doc. 13. The Government also incorporated by reference its prior response, inasmuch as the instant § 2255 motion is construed to raise all of Steele's prior claims. Doc. 13 at 15 n. 3; Civ. Doc. 6 (Resp. in No. 3:18-CV-1171-M-BK). Steele did not file a reply.

Upon review, the Court finds that Steele is not entitled to relief. Thus, his § 2255 should be denied.

## II. ANALYSIS

### A. Applicable Standard

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing

professional norms. *Id*. at 688. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### B. No Basis for Ineffective Assistance of Counsel Claims Premised on Alleged Breach of Plea Agreement, Promise of 60-Month Sentence, and Constructive Amendment of Indictment (Grounds 1, 2, 4 in Brief)

Steele asserts that his "reasonable understanding of the [Plea] [A]greement" was that his sentence would be based solely on his conspiracy to distribute the 14 ounces of heroin stipulated in the Factual Resume. Doc. 5 at 5-6, 9-15, 17-20; Doc. 5 at 25. Steele contends the government broke that promise when the Presentence Report (PSR) held him responsible for 1.7 kilos of heroin as relevant conduct, which was converted from cash found in Steele's residence and storage unit and resulted in a much higher sentence than the 60 months that he was allegedly promised. Doc. 5 at 11-12. Under this premise, Steele presents claims of (1) ineffective assistance of counsel at sentencing and on direct appeal, (2) constructive amendment of the Indictment, (3) breach of the plea agreement and (4) counsel's alleged promise of a 60-month sentence.

Steele's claims are baseless. Contrary to his assertions, the Plea Agreement and Factual Resume did not limit his Guidelines drug quantity to only 14 ounces of heroin. Crim. Doc. 105. Indeed the Plea Agreement was silent about the drug quantity, providing only that the factual resume "will be submitted as evidence." Crim. Doc. 105 at 1. Further, the Plea Agreement explicitly outlined the Court's sentencing discretion, noting that "the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines" and that

"no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case." Crim. Doc. 105 at 2.

Additionally, at rearraignment, Steele acknowledged his understanding that the Court could disregard facts stipulated by the parties and consider other facts not stipulated to, and that, in that event, he might not be able to withdraw his guilty plea. Crim. Doc. 249 at 11-12. Steele also confirmed (1) his understanding that he should not rely on any statement or promise by his counsel or anyone else regarding the punishment to be imposed in his case; (2) that no one had made any promise to induce him to enter into the Plea Agreement; (3) that all the terms of his agreement with the Government were contained in the Plea Agreement, and (3) that he was fully satisfied with his counsel's advice and representation. Crim. Doc. 249 at 9, 15-17.

A plain reading of both the Plea Agreement and the Factual Resume, coupled with Steele's sworn averments at the rearraignment hearing, belies his assertion that the Government implicitly agreed that the total drug quantity was only 14 ounces of heroin and that it subsequently breached that agreement. Likewise, Steele's sworn averments at the rearraignment negate his conclusory and self-serving allegations now that he relied on a promise by counsel or anyone else regarding the sentence to be imposed.

Steele's contention that the Indictment was constructively amended by the PSR holding him responsible for more than 14 ounces of heroin, resulting in a higher guidelines range, has no legal basis. Doc. 5 at 10-12. "[C]onstructive amendment inquiries typically are conducted in the context of jury trials and guilty verdicts, not guilty pleas." *United States v. Barrientos*, 263 F.3d 162, 2001 WL 803558, at *2 (5th Cir. 2001) (unpublished)). "[A] constructive amendment occurs when the court 'permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged' or upon 'a materially different theory or set

of facts than that which [the defendant] was charged.'" *United States v. Chaker*, 820 F.3d 204, 210 (5th Cir. 2016) (quoted cases omitted). That did not happen here.

Steele does not complain of any discrepancy between what the Indictment charged and what he ultimately pled guilty to. Indeed, he objects only that the Indictment did not place him on notice of the 1.7 kilos of heroin subsequently utilized by the PSR writer as relevant conduct in calculating his Guidelines drug quantity. *See also* U.S.S.G. § 2D1.1, comment n.5 ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. See §1B1.3(a)(2) (Relevant Conduct)."). Yet, insofar as Steele complains about the increase in the Guidelines offense level due to the additional drug quantity, that increase had no corresponding impact on the statutory sentencing range. *See Alleyne v. United States*, 570 U.S. 99, 116-17 (2013) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013) (concluding *Alleyne* has no impact on advisory guideline calculations).

In addition, Steele's claims that his attorney should have objected to the 1.7 kilos of heroin attributed to him in the PSR and requested an "individualized finding" as to the drug amount are unavailing. Doc. 5 at 13. Contrary to his assertions, the 1.7 kilos of heroin, which was converted from cash found in his residence and personal storage unit, represented only Steele's heroin sales. Steele stipulated in his Factual Resume that he sold heroin, and the PSR contains ample evidence of his drug-trafficking. Crim. Doc. 132 at 6-7, PSR ¶¶ 9- 18-19 (summarizing various drug deals, the large amounts of cash located in his residence and personal storage unit, and the firearms and plastic baggies, digital scales, a grinder, empty gel capsules,

and numerous cellular phones uncovered in his residence).

For the foregoing reasons, any objection by counsel to the drug-quantity determination, the purported breach of the plea agreement, the supposed constructive amendment, or the court's failure to make individualized drug finding would have been futile. It is axiomatic that counsel cannot be deemed ineffective for failing to make a futile objection. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection). Similarly, appellate counsel was not deficient for failing to raise legally meritless claims on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Consequently, Steele's claims in grounds one, two and four fail.

**C. No Support for Minor or Minimal Participant Reduction (Ground 3 in Brief)**

Likewise, counsel was not ineffective for failing to argue for a mitigating role reduction under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2.[1] Doc. 5 at 15-16. Steele presents no evidence to show that he was a minimal or minor participant in the joint criminal activity—"substantially less culpable" than the average participant—and thus entitled to a four-point reduction. As previously noted, the record belies his argument that the "factual resume establishes his culpability at 14 ounces, which [he argues] triggers the minor or minimum role assessment." Doc. 5 at 30.

---

[1] Amendment 794, which became effective on November 1, 2015, well before Defendant's 2017 sentencing, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes. USSG §3B1.2, comment 3(A); *see also* Crim. Doc. 132-1 at 8, PSR ¶ 28 (relying on Nov. 1 2016 Guidelines Manual to prepare Steele's PSR).

Contrary to Steele's assertions, the PSR clearly bore sufficient indicia of reliability to permit the district court to rely on it at sentencing, and absent any rebuttal evidence, the district court reliance on it was proper.  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Gracia,* 983 F.2d 625, 629-30 (5th Cir. 1993).  Together, the PSR (accepted at sentencing) and Factual Resume establish that Steele conspired to distribute heroin for 1.5 years and that he dealt in two- to three-ounce quantities.  Crim. Doc. 132-1 at 5-6, PSR ¶¶ 9-14; Crim. Doc. 106 at 2-3.  Moreover, at sentencing, the Court characterized Steele as a "serious drug dealer" who was involved in a conspiracy that "went on for some time," and was "steady and regular and dealing with a very serious, very addictive drug."  Crim. Doc. 212 at 9-10, *Sentencing Tr*; *Id.* ("[Y]ou've got drugs and you've got guns and you've got a lot of money . . . I don't think there's any way I can put this other than you're a serious drug dealer . . . .").

Steele's belated and self-serving assertions aside, he cannot demonstrate that counsel's performance was deficient or resulted in prejudice because there is no evidence in the record supporting his eligibility for either a minimal- or minor-participant adjustment.  U.S.S.G. § 3B1.2 cmt. n.3(A) (providing a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant").  As such, neither trial nor appellate counsel can be deemed ineffective for failing to raise a meritless objection/claim.

### D.  Dangerous Weapon Enhancement Not Erroneous (Ground 6)

Similarly, counsel was not ineffective in failing to object to the weapon enhancement under U.S.S.G. § 2D1.1(b)(1).  Steele admits that he was a user of heroin and that he purchased heroin, but claims he "never admitted to selling or trafficking heroin."  Doc. 5 at 21 (arguing "[t]here is a big difference between using and selling drugs").  On this basis he argues "the

weapon's enhancement was also in error," Doc. 5 at 21, and relatedly asserts that the government did not prove if the weapon belonged to him or his girlfriend, Doc. 5 at 31.

Again the record refutes Steele's conclusory assertions that he did not possess a weapon in connection with the offense. Section 2D1.1(b) "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n.11(A); *see also United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016) (recognizing that the Government may establish connection by establishing that "'the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" (quoting *United States v. Salado,* 339 F.3d 285, 294 (5th Cir. 2003)).

According to the PSR, during a search of Steele's residence, a loaded handgun was discovered inside a drawer of a nightstand in the master bedroom where drug paraphernalia, scales, heroin, and $6,800 in drug proceeds were also located. Crim. Doc. 132-1 at 6-7, PSR ¶ 18. Steele's girlfriend also informed the agents "that she knew that Steele had a pistol in the apartment on a prior date," although she was unaware of its current whereabouts. Crim. Doc. 132-1 at 7, PSR ¶ 21. On this record, Steele's argument against the application of a weapons enhancement lacks merit. *See United States v. Vela,* 927 F.2d 197, 201 (5th Cir.1991) (finding that PSR based on the results of a police investigation is sufficiently reliable to be considered as evidence for sentencing purposes).

In sum, Steele's trial and appellate counsel were not ineffective for failing to raise a meritless claim.

### III. EVIDENTIARY HEARING

Steele contends he is entitled to an evidentiary hearing to resolve his ineffective assistance claims. Doc. 5 at 21; Doc. 5 at 30-31. However, "[w]hen the files and records of a

case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Steele's claims lack merit for reasons wholly supported by the record noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

## IV. CONCLUSION

Accordingly, Steele's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 2, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).